**STATE of Iowa, Plaintiff-Appellee,**

v.

**Freddie Lee MILLSAP,
Defendant-Appellant.**

No. 86–533.

Court of Appeals of Iowa.

Jan. 28, 1987.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Gregory L. Biehler and Odell McGhee, Asst. Polk County Attys., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

PER CURIAM.

The defendant appeals from his conviction, following an accepted guilty plea, for false use of a financial instrument in the first degree in violation of Iowa Code sections 715.1(1) and 715.6 (1985). The defendant contends that the trial court erred in accepting his guilty plea since there was no factual basis to support a finding that the defendant had the requisite fraudulent intent. We affirm.

The defendant was accused of false use of a financial instrument in the first degree in violation of Iowa Code sections 715.1(1) and 715.6 (1985). On December 3, 1985, the trial court, Judge Lavorato presiding, refused to accept the defendant's proffered guilty plea due to a lack of a factual basis for a finding that he possessed the requisite fraudulent intent for the crime charged. On January 6, 1986, the district court, Judge Miller presiding, accepted the defendant's guilty plea to the same charge on the same facts. The trial court sentenced the defendant to a five-year indeterminate term of incarceration on April 2, 1986.

On September 12, 1985, the defendant received a $400 cashier's check from two men in payment of a $200 gambling debt. The check had been altered in that the names William W. Jones Jr. as remitter and the Internal Revenue Service as payee had been whitened out, with the defendant's name substituted in both locations. Although the defendant could not say who altered the check, he admitted knowing of the alterations and trying to cash the check anyway. When the defendant attempted to cash the check, he told the teller that the check had been altered and asked her if it could still be cashed.

The defendant contends that since he told the teller at the bank about the alterations and asked her if the check was still negotiable, no intent to deceive the teller could be established. The State contends that a sufficient factual basis for fraudulent intent existed where the defendant knew the alterations were unauthorized, intended to cash the check anyway, and failed to reveal that the alterations were unauthorized. The State also contends the mere presence of a possible defense on the record does not mean that a factual basis does not exist.

■ Iowa Code section 715.2(2) provides, in pertinent part, that one uses a financial instrument when one "[t]enders or offers such instrument to another in the course of a financial or commercial transaction, with the representation, either express or by implication, that the instrument is what it purports to be and that one is a person who is shown on its face to be one who may rightfully so use such instrument." Section 715.2(3) provides that one uses a financial instrument where one "[p]ossesses such instrument, knowing it to be false or knowing that one has no right to use or possess it." Section 715.6 provides that "[t]he use of a financial instrument with the intent to obtain fraudulently anything of value by a user who knows that the instrument is not what it purports to be, or who knows that the user is not the person nor the authorized agent of the person who, as shown on the instrument, has the right to so use or possess it." Section 715.6 provides that "[t]he use of a financial instrument with the intent to obtain fraudulently anything of value by a user who knows that the instrument is not what it purports to be, or who knows that the user is not the person nor the authorized agent of the person who, as shown on the instrument, has the right to so use the instrument, constitutes the false use of a financial instrument." False use of a financial instrument is a specific intent crime. *State v. Propps*, 376 N.W.2d 619, 623 (Iowa

1985).  Intent cannot be proved by the mere possession of a false instrument. Iowa Code § 715.4 (1985).

Applying the above statutes to the present case and upon careful review of defendant's testimony on January 6, 1986, we believe there was a sufficient factual basis to accept defendant's plea of guilty to false use of a financial instrument.  At the January 6, 1986, hearing, the defendant admitted that he knew the two men who gave him the check were not the persons authorized to use that check.  The defendant admitted that he knew the check was altered and that the original check was made out to someone else.  The defendant admitted that he accepted the $400 check in order to double the $200 gambling debt owed him.  The defendant admitted that he was not the authorized agent or person authorized to cash the check, but still attempted to cash the check.  The defendant admitted that he had no right to cash the check.  The defendant admitted his statements to the teller that the check had been altered were not a disclosure that something was wrong with the check.

Based upon this testimony, there was a sufficient showing of intent to obtain money by false use of a financial instrument. Accordingly, we hold that there was a sufficient factual basis to accept defendant's plea of guilty.

AFFIRMED.